**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 7 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GUADALUPE TARAZON GASTELUM, | No.   20-72556 |
| Petitioner, | Agency No. A209-138-852 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 5, 2023**
San Francisco, California

Before:  WALLACE, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

Guadalupe Tarazon Gastelum petitions pro se for review of a final order of

removal issued by the Board of Immigration Appeals after it (1) denied her motion

to remand, and (2) dismissed her appeal of an immigration judge's order denying

her applications for asylum, withholding of removal, and protection under the

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

The BIA did not err in denying the motion to remand. *Angov v. Lynch*, 788 F.3d 893, 897 (9th Cir. 2015). We review the denial of a motion to remand for an abuse of discretion and will not disturb the Board's decision unless it "acted arbitrarily, irrationally, or contrary to law." *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). Petitioner had the heavy burden of showing that her new or previously unavailable evidence would likely change the outcome of her case. *Angov v. Lynch*, 788 F.3d 893, 897 (9th Cir. 2015); *Najmabadi*, 597 F.3d at 986. We discern no abuse of discretion. While her brother's killing did occur after the immigration judge's decision, petitioner failed to show how the new evidence undermined each of the immigration judge's independent reasons for rejecting her claims for relief. For example, petitioner failed to show how the new evidence would likely change the conclusions that her application for asylum was time-barred, that her social groups were not cognizable, or that there was not evidence that the Mexican government would consent or acquiesce to her torture by her ex-partner.

Second, we reject petitioner's argument that the BIA's decision was insufficiently reasoned. The BIA decision considers and rejects the arguments Tarazon made in her motion to remand. *Antonyan v. Holder*, 642 F.3d 1250,

2

1256–57 (9th Cir. 2011).

Finally, to the extent that Tarazon directly challenges the immigration judge's denial of her applications for asylum, withholding of removal, and CAT protection independent of the adjudication of her motion to remand, she failed to exhaust those challenges before the BIA. 8 U.S.C. § 1252(d)(1). Tarazon's notice of appeal states without elaboration that the immigration judge "erred as a matter of law," and she did not file a brief on appeal. We thus decline to review the merits of the applications themselves. *Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc).

**PETITION DENIED.**